**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 03 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IGINIO CRUZ CALLES, AKA Higinio
Cruz Calles,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-72181

Agency No. A075-529-054

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2019
Seattle, Washington

Before:  W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Petitioner Iginio Cruz Calles is a native and citizen of El Salvador.  He

petitions for review of the BIA's denial of his application for asylum.  We have

jurisdiction under 8 U.S.C. § 1252(a)(1) and we grant his petition.  We determine

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the BIA's conclusion that Cruz Calles did not suffer harm rising to the level of persecution is not supported by substantial evidence. We remand to the BIA.

We review for "substantial evidence the BIA's decision that an applicant failed to establish eligibility for asylum." *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir. 2004). "Under the substantial evidence standard, the court upholds the BIA's determination unless the evidence in the record compels a contrary conclusion." *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). Because the IJ found Cruz Calles credible and the BIA did not disturb this finding, we take Cruz Calles' testimony and presentation as true. *See Karouni v. Gonzales*, 399 F.3d 1163, 1166 n.1 (9th Cir. 2005).

To qualify for humanitarian asylum, Cruz Calles must show both (1) past persecution and (2) "a reasonable possibility that [he] may suffer other serious harm upon removal to" El Salvador. *Hanna v. Keisler*, 506 F.3d 933, 939 (9th Cir. 2007); 8 C.F.R. § 1208.13(b)(1)(iii)(B). To show past persecution, Cruz Calles must establish that "(1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).

On the first prong, the BIA found the harms Cruz Calles suffered did not rise to the level of persecution. Persecution is not defined in the Immigration and Nationality Act. *Baballah v. Ashcroft*, 367 F.3d 1067, 1074 (9th Cir. 2004). There is no set of criteria to define persecution, so the quantum of harm that qualifies as persecution is measured in relation to past cases. *See Navas v. I.N.S.*, 217 F.3d 646, 655, n.9 (9th Cir. 2000). "An applicant may suffer persecution because of the cumulative impact of several incidents even where no single incident would constitute persecution on its own." *Baballah*, 367 F.3d at 1076.

Cruz Calles credibly put forth evidence of the following harms: (1) his family was displaced from the coffee farm where they lived; (2) three of his cousins were extrajudicially killed; and (3) in 1994, Cruz Calles was dragged from his family's house, was beaten up, and was told "the same thing would happen to him" that happened to his murdered relatives if he did not leave the country.

Economic harm can constitute persecution where "there is a probability of deliberate imposition of substantial economic disadvantage upon the applicant on account of a protected ground." *Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir. 2000) (internal quotations omitted). The displacement of Cruz Calles' family by the Salvadoran military shows "a probability of deliberate imposition of substantial

3

economic disadvantage" on Cruz Calles and his family and contributes to a finding of persecution.

In addition to this economic harm, Cruz Calles also suffered physical harm. In the 1994 attack, Cruz Calles was bound, dragged from his family's home at night by three men carrying rifles, beaten up for ten minutes, and threatened with death. The BIA found the physical attack did not rise to the level of persecution because the harm "was limited in nature" in that "respondent only suffered cuts on his neck and arm, resulting in an unknown number of stitches, and otherwise did not require significant medical treatment." However, we have held that death threats accompanied by "close confrontation" can rise to the level of persecution, even without physical mistreatment. *See, e.g., Ruano v. Ashcroft,* 301 F.3d 1155, 1158 (9th Cir. 2002) (finding past persecution where petitioner received death threats and was cornered by armed men on several occasions). Here, the threats were made by armed attackers and accompanied by a physical assault that required medical attention. The level of harm to Cruz Calles was greater than the BIA's out-of-context summary of his injuries alone suggests.

In addition, "harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution" if the harm was "part of a pattern of persecution closely tied to [the petitioner] himself." *Wakkary v. Holder*,

4

558 F.3d 1049, 1060 (9th Cir. 2009) (citing *Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991)). The BIA found "*no* indication that the murders of the respondent's three cousins" were "closely tied" to Cruz Calles himself. In so finding, the BIA clearly erred. The police report submitted by Cruz Calles into the administrative record contradicts this finding. That report states that the 1994 attackers threatened that "the same thing would happen to him" that happened to his murdered relatives.

We are compelled to find that, cumulatively, these harms rise to the level of persecution when compared with our past cases. *See, e.g., Guo v. Sessions*, 897 F.3d 1208, 1211 (9th Cir. 2018) (finding past persecution where the petitioner was slapped twice and struck for one or two minutes with a baton, but was at the hospital for only an hour, combined with threats of future harm if the petitioner participated in his home church); *Navas v. I.N.S.,* 217 F.3d 646, 658 (9th Cir. 2000) (holding that "Navas has unquestionably demonstrated persecution" where he was "threatened with death, . . . two members of his family were murdered, he was shot at, and his mother beaten").

The BIA ended its analysis of past persecution after determining that the harm Cruz Calles suffered did not rise to the level of persecution. We conclude

5

that finding is not supported by substantial evidence.  Accordingly, we remand for the BIA for further proceedings.

**PETITION GRANTED** and **REMANDED.**